FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -9  AM 8:58

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WALTER RICHARD HOUSE, JR. | CIVIL ACTION |
| VERSUS | NO. 02-1342 |
| AMERICAN UNITED LIFE INSURANCE COMPANY | SECTION "N" |

### ORDER AND REASONS

Presently before the Court are the parties' Objections (Rec. Doc. Nos. 79 and 80) to the United States Magistrate Judge's July 5, 2005 Report and Recommendation (Rec. Doc. No. 78). Except to the extent stated herein, the objections are **OVERRULED**. Accordingly, with the modifications set forth herein, the Court approves the July 5, 2005 Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion herein.

**I.  Offset of Disability Benefits by Earnings from the Louisiana Department of Economic Development**

Defendant argues that Partial Disability benefits paid to Plaintiff should be reduced by earnings received from the Louisiana Department of Economic Development. Plaintiff objects to any offset of Total or Partial Disability benefits.

The Court reaffirms its determination that Total Disability benefits are subject to offset by earnings that qualify as "Other Income Benefits," as that term is defined in the AUL policy. *See* AUL Policy Bearing Certificate Number 4617880840 (hereinafter "AUL Policy"), Sect. 2, p. 9. Given the specific language of that policy definition, however, the Court adopts the Magistrate

___ Fee_____
___ Process._____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

Judge's determination that earnings constituting Other Income Benefits are only those earnings that are received by the insured while he is disabled *and* actually receiving a Monthly Benefit under the policy. *See id.* Significantly, Defendant drafted the policy language defining Other Income Benefits. Defendant could have defined the provision to include earnings received while the insured is eligible for, or entitled to receive, a Monthly Benefit, regardless of whether the benefit is actually being paid at the time the earnings are received, but did not.[1]

At the same time, the Court is cognizant that the provisions of the AUL policy providing for payment of a "Return to Work Benefit" and a "Partial Disability Benefit" refer generally to a reduction for "earnings." *See* AUL Policy, Sect. 8, p. 27. Indeed, the Partial Disability Benefit calculation provision specifically references a reduction for both "earnings" *and* "Other Income Benefits." *Id.* The "Total Disability" provision, on the other hand, is reduced only by Other Income Benefits. *Id.* at 22. Thus, given the inclusion of the word "earnings" in these provisions, rather than only the term "Other Income Benefits," Return to Work Benefits and Partial Disability Benefits arguably are reduced by earnings from other employment, even if the insured is not also receiving a monthly disability benefit from Defendant at that time.

Assuming that is so, however, does not result in Plaintiff's monthly disability benefits being reduced by the amount of his earnings from the Louisiana Department of Economic Development during the months that he received no disability benefits from Defendant. Plaintiff has continuously argued that he is entitled to receive Total Disability benefits, without any offset, and

---

[1] Defendant's objection that the Court previously determined this issue in its favor is is rejected. At the time of the May 27, 2003 and April 20, 2004 rulings, the Court had not been presented with the parties' current arguments regarding the significance of policy language defining the earnings constituting Other Income Benefits as only those that are received while the insured is "Disabled and receiving a Monthly Benefit under the policy." *See* AUL Policy, Sect. 2, p. 9.

reserved his right to receive Total Disability benefits, rather than Partial Disability benefits, should the Court ultimately agree that those benefits are not subject to offset. Further, the Court has held that Plaintiff is entitled to receive the greater of the Total Disability and Partial Disability benefits payable under the AUL policy, but not both. Accordingly, for the months that Plaintiff was not paid a monthly benefit, he is entitled to receive Total Disability benefits without any offset. For months that Defendant tendered benefits to Plaintiff in accordance with the Court's orders, beginning in December 2003, Total Disability benefits paid are subject to offset.[2]

## II.   Benefits Subsequent to Termination of the AUL Policies

Plaintiff contends that the Kingsmill & Riess law firm's termination of its relationship with Defendant, as the Participating Unit, could have no impact upon the benefits payable to him under the AUL policy issued to him. Defendant objects that no disability benefits – whether Total Disability or Partial Disability – are payable after the February 28, 2002 termination date.

The Court agrees with the Magistrate Judge's determination that the Participating Unit's termination of the AUL policies terminated Plaintiff's coverage as of February 28, 2002. *See* AUL Policy, Cert. of Ins., p. 1; Sect., 5, pp. 15-16. As the Magistrate Judge concluded, however, Total Disability benefits continue, under the policy's Extended Benefit provision. *Id.*, Sect. 5, p. 16.[3]

---

[2]   Defendant paid no disability benefits to Plaintiff from October 2001 until early December 2003. As is explained herein, Partial Disability benefits ceased to be available to Plaintiff after February 28, 2002.

[3]   Plaintiff's prior election of Partial Disability benefits, in the event that Total Disability benefits would be subject to offset by earnings from other employment, would not preclude him from receiving Total Disability benefits for a subsequent period for which only Total Disability benefits are available.

3

Hence, as of February 28, 2002, only Total Disability Benefits were owed to Plaintiff under the AUL policy.

### III. Penalties and Attorney's Fees

As determined by the Magistrate Judge, penalties are due in the same amount as benefits owed up until the month of December 2003, when AUL commenced payment of benefits under the policy in accordance with the prior rulings of this Court. The Court likewise finds that the $160,965.03 attorney's fees and costs award ($159,276.00 attorney's fees and $1,689.03 in costs) recommended by the Magistrate Judge is reasonable.

New Orleans, Louisiana, this 8th day of December 2005.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Knowles